22584

Ruth SMITH, Appellant v. INDEPENDENT LIFE AND ACCIDENT INSURANCE COMPANY, Respondent.

(346 S. E. (2d) 22)

Supreme Court

*Stuart W. Snow,* Florence, *for appellant.*

*Arthur E. Justice, Jr.,* of *Turner, Padget, Graham & Laney,* Florence, *for respondent.*

Heard June 4, 1986.

Decided June 30, 1986.

*Per Curiam:*

This case involves a time limitation clause in an accidental death policy. By summary judgment the trial court held the clause valid and enforceable. Ruth Smith (Smith), mother of the insured and beneficiary under the policy, appeals.

We affirm.

Walter Smith was the insured under an accidental death policy issued by Independent Life and Accident Insurance Company (Insurer). On February 4, 1982, he was severely injured in an automobile accident. While being treated for his injuries he developed pneumonia and died on August 6, 1982. When Insurer denied her claim for the $6,000 proceeds of the policy, Smith sued.

The policy excluded coverage for a death occurring more than 90 days after the original injury. Summary judgment was based upon this policy provision.

The sole issue we address is Smith's contention that the 90-day provision should be held void as violative of public policy.

The majority of jurisdictions which have considered this question hold such time limitation clauses valid and enforceable. *See* 39 A. L. R. (3d) 1311. The two grounds most generally cited are (1) freedom of contract, and (2) problems related to proof of causation where death occurs long after the original injury.

Smith stresses the harshness and severity of the 90-day clause. Insurer counters that many factors, including the premium charged, support the reasonableness of the clause.

We recognize the hardship which may result from provisions such as the one before us here. However, all types of insurance contracts are specifically regulated by state statutes and rules of the South Carolina Insurance Department. Accordingly, the matter is one for legislative consideration.

Smith's remaining exception is without merit, and we affirm pursuant to Supreme Court Rule 23.

Affirmed.